INSTALLMENT FEES / FILING FEE PAID

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| In Re:<br><br>NEWCARE HEALTH CORPORATION, et al.,<br><br>Debtors. | CASE NUMBER: 99-44161-HJB, et al.<br>Jointly Administered<br>CHAPTER 7 |
| GARY M. WEINER, Chapter 7 Trustee for the estate of NEWCARE HEALTH CORPORATION, et al.,<br>Plaintiff<br><br>vs.<br><br>CHRISTOPHER F. BROGDON, et al.<br>Defendants | ADVERSARY PROCEEDING<br>NO: 01-4188-HJB |

## DEFENDANTS' MOTION FOR LEAVE TO APPEAL BANKRUPTCY COURT'S DENIAL OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendants James J. Andrews, Christopher F. Brogdon, Connie B. Brogdon, Tygh Brogdon, Brentwood Health Care, LLC, Chamber Health Care Society, Inc., Chamber Pasco, LLC, Fitzgerald Health Care, Inc., Gordon Jensen Health Care Association, Inc., Kingsport Senior Housing, LLC, Robert G. Lancaster, Estate of Edward E. Lane, Harlan Mathews, National Assistance Bureau, Inc., Philip M. Rees, Retirement Group, LLC, Rockdale Retirement, Inc., James H. Sanregret, Sea Breeze Health Care Center, Inc., Senior Care, Inc., Southeastern Cottages, Inc., Darrell C. Tucker, Wellington Healthcare Management, LLC and Winter Haven Homes, Inc. (collectively, the "Defendants") hereby move for leave to appeal the denial of Defendants' Motion to Compel Production of Documents ("Motion to Compel") on the grounds

that it is appropriate for this Court to exercise its broad discretion pursuant to 28 U.S.C. § 158(a)(3) to hear such appeal pursuant either to the collateral order doctrine or to the standard of 28 U.S.C. § 1292(b).

## STATEMENT OF FACTS

1. On or about June 22, 1999, NewCare Health Corporation and the other related debtor-entities ("NewCare") filed Chapter 11 Bankruptcy in the District of Massachusetts – Western Division.

2. On or about June 21, 2001, Plaintiff Gary M. Weiner's predecessor, William A. Brandt, Jr., Examiner, on behalf of the bankruptcy estate of NewCare commenced the Adversary Proceeding against various individual and corporate defendants.

3. On or about March 18, 2002, the bankruptcy case was converted from a Chapter 11 Bankruptcy to one pursuant to Chapter 7 of the Bankruptcy Code.

4. On or about March 19, 2002, Gary M. Weiner ("Plaintiff") was appointed interim Chapter 7 Trustee, and following the § 341 meeting held on May 2, 2002, was appointed the permanent Chapter 7 Trustee.

5. On or about April 8, 2002, the Defendants filed their Answers and Counterclaims in this Adversary Proceeding.

6. On or about June 28, 2002, the Plaintiff/Defendant-in-Counterclaim filed his replies to the Counterclaims.

7. On or about December 15, 2003, the Defendants filed a Motion to Compel Production of Documents ("Motion to Compel"), a copy of which is attached hereto as Exhibit A. For purposes of this Motion and the appeal, Defendants incorporate the Factual Background

from the Motion to Compel, which sets forth the detailed facts upon which the Motion to Compel was based.

8. On or about December 23, 2003, the Plaintiff filed an Opposition to Defendants' Motion to Compel Production of Documents ("Opposition"), a copy of which is attached hereto as Exhibit B.

9. On or about January 16, 2004, the Bankruptcy Court (Boroff, J.) held a hearing on the Motion to Compel, at which the Bankruptcy Court denied the Motion to Compel in an oral order issued from the bench. A copy of the written Order is attached hereto as Exhibit C.

## STATEMENT OF QUESTIONS PRESENTED BY APPEAL AND RELIEF SOUGHT

By their Motion to Compel, Defendants seek the Plaintiff's compliance with Federal Rule of Civil Procedure 34, as it is incorporated by Federal Bankruptcy Rule 7034 ("Rule 34"). In response to the Defendants' Requests for Production of Documents, the Plaintiff directed the Defendants to all the documents in his possession, 736 boxes of documents in two locations, which the Plaintiff made available for inspection and copying without making any attempt to isolate documents actually responsive to the Defendants' Rule 34 Requests. Counsel for the Plaintiff also provided what they characterized as an index to the boxes of documents, which Defendants submit is so general and riddled with errors as to be useless. Approximately 78 of the boxes were selected and removed by Trustee's counsel Cooke, Clancy to its offices in Boston and 658 of the boxes of documents are kept at a storage warehouse in Chicopee, Massachusetts. It is these 658 boxes of documents consisting of an estimated 1.6 million pages that is the focus of the Defendants' Motion to Compel.

In their Motion to Compel,[1] the Defendants argue that the Plaintiff has not fulfilled his obligations under Rule 34 by producing the documents en masse without eliminating all non-responsive documents. Further, the Defendants argue that the documents are not organized as they were kept in the usual course of business by the debtor corporation; therefore, the documents produced must be designated according to each of the Defendants' specific requests. In his Opposition, the Plaintiff argues that he has satisfied his obligations by producing documents as they were kept in the usual course of business and providing Defendants with an index. The Plaintiff further argues that the Defendants are better situated to identify documents critical to their case because the Defendants are familiar with their own former documents and the Plaintiff is not.

In denying the Defendants' Motion to Compel, the Bankruptcy Court indicated that as a matter of equity, and considering the Defendants' familiarity with the documents which the court assumed as fact, the burden of culling responsive documents should not be placed upon the Plaintiff Chapter 7 Trustee producing party, but instead should be borne by requesting parties, i.e., the Defendants. In addition, the Bankruptcy Court indicated that the documents need not be produced as they were kept in the usual course of business by NewCare, the debtor corporation. Instead, the Bankruptcy Court ruled that it is sufficient if the Plaintiff Chapter 7 Trustee produces documents as he keeps them in the usual course of business of the Trustee, as the Rule 34 term "usual course of business" refers to how the documents are held by the Chapter 7 Trustee, not the debtor corporation. The Bankruptcy Court cited no specific statutory or caselaw authority in

---

[1] The Motion to Compel and the Opposition are attached hereto to provide the Court with an understanding of the issues relating to the prospective appeal. Affidavits filed with the Bankruptcy Court in support of the Motion to Compel and the Opposition are not attached hereto because they are not essential to the District Court's understanding of the issues, and the Defendants wish to avoid overburdening the Court with unnecessary documents. If the Court wishes to review the Affidavits of both parties, the Defendants would be pleased to submit them upon request.

support of its decision, other than a reference to its general equity authority pursuant to the Bankruptcy Code.

The questions presented on appeal are as follows.

1. Did the Bankruptcy Court commit an error of law by denying the Defendants' Motion to Compel?

2. Did the Bankruptcy Court commit an error of law by shifting the burden of a Rule 34 producing party to the requesting party, and failing to follow the authority set forth in, e.g., Stiller v. Arnold, 167 F.R.D. 68, 71 (N.D. Ind. 1996); Board of Educ. of Evanston Township v. Admiral Heating, 104 F.R.D. 23, 36 (N.D. Ill. 1984); Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976)?

3. Did the Bankruptcy Court commit an error of law by essentially creating a judicial exception to Rule 34 for Chapter 7 Trustees who are producing parties?

4. Did the Bankruptcy Court commit an error of law by interpreting Rule 34 and the phrase "kept in the usual course of business" to mean the producing party's usual course of business rather than the usual course of business of the company whose records they were, i.e., NewCare, which records the Chapter 7 Trustee took possession of in the course of and as a result of NewCare's bankruptcy case?

## ARGUMENT

I. **The District Court Should Exercise its Broad Discretion Under 28 U.S.C. § 158(a)(3) to Hear an Appeal of the Denial of the Defendants' Motion to Compel.**

The U.S. District Court for the District of Massachusetts "shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). The NewCare bankruptcy case was automatically referred to the

Bankruptcy Court pursuant to local rule and 28 U.S.C. § 157. Furthermore, "an appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a). There are no standards set out in the statute or rules, however, "governing a district court's exercise of its discretionary power to grant leave to appeal an interlocutory order of a bankruptcy court." In re: Williams, 215 B.R. 289, 298 (D.R.I. 1997). Although many district courts have analogized the standards "governing permissive appeals under § 158(a)(3) to the procedures for certification of interlocutory appeals pursuant to 28 U.S.C. § 1292(b)," the language of § 158(a)(3) vests broader discretion in the district court to permit interlocutory appeals than that of 28 U.S.C. § 1292(b). Id. at 298 n.6. The district court's broad discretion includes circumstances where "serious, perhaps irreparable consequence[s]" are threatened which can be "effectively challenged only by immediate appeal." Id. at 298 n.6 (citing Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981)). Indeed, district courts need not look to § 1292(b) at all in their exercise of discretion on interlocutory appeals. See In re: Armbrust, 274 B.R. 461, 464 (W.D. Ky. 2001) (permitting interlocutory appeal of motion to transfer venue without considering § 1292(b)).

In the broad discretion of this Court, several factors weigh in favor of granting Defendants' Motion for Leave to Appeal in this proceeding. First, the Motion to Compel raises apparent issues of first impression. The obligation of a Chapter 7 Trustee to produce responsive and only responsive documents pursuant to a Rule 34 request, and whether the term "kept in the usual course of business" means the manner in which documents are kept by the debtor entity or by a Chapter 7 Trustee who inherited them are issues that have not been directly addressed by the courts. Second, in this instance the Bankruptcy Court has essentially created a judicial exception to Rule 34 for Chapter 7 Trustees who are producing parties, and has done so without

relying on any statutory or case authority. Moreover, the Bankruptcy Court's decision is inequitable and unfair in that, without citing precedent, it shifts the massive burden of reviewing an enormous collection of nonresponsive and potentially responsive documents from the producing party to the requesting party contrary to the plain meaning of Rule 34. This decision threatens serious and perhaps irreparable consequences for the Defendants, who are forced thereby to incur gigantic amounts of time and expense to conduct an extensive search for responsive documents to which Rule 34 entitles them. Such issues can be effectively challenged only by immediate appeal and cannot be delayed until eventual appeal of final judgment. See Carson, 450 U.S. at 84; Williams, 215 B.R. at 298 n. 6.

## II. The Collateral Order Doctrine Dictates That The District Court Should Hear an Appeal of the Denial of the Defendants' Motion to Compel.

The "collateral order doctrine," originally set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), is an exception to the general rule requiring a final order for a matter to be appealed. The collateral order doctrine allows appeals where an important legal question, which is completely separate from the merits of the underlying action, is conclusively determined and is effectively unreviewable on appeal from final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); Fleet Data Processing Corp. v. Branch (In re: Bank of New England Corp.), 218 B.R. 643, 649 (B.A.P. 1st Cir. 1998); Doughty v. Underwriters at Lloyd's, London, 6 F.3d 856 (1st Cir. 1993).

This appeal meets all the criteria of the collateral order doctrine. First, the appeal involves a legal question of great importance to the parties because it will determine whether the Plaintiff or the Defendants are obligated to undertake the substantial task of reviewing 658 boxes of documents (an estimated 1.6 million pages) to determine responsiveness to the Defendants' Rule 34 requests. Additionally, it is an important legal question generally in that the appeal

involves issues of first impression (as discussed in section I herein above) with major precedential ramifications for other similarly situated litigants, i.e., whether the Bankruptcy Trustee can be treated differently from other producing parties in document discovery matters, and whether Rule 34 is meant to apply to the producing party or the original owner of the documents (the debtor, NewCare) when it refers to documents "as they are kept in the usual course of business." Second, the issue of document production is entirely separate from the merits of the underlying case. Third, an order is considered conclusively determined where it resolves the merits of the collateral issue. Doughty, 6 F.3d at 863. The Bankruptcy Court's denial of the Motion to Compel indeed resolves the merits of that collateral issue, and as such is conclusively determined. Finally, the Bankruptcy Court's denial of Defendants' Motion to Compel is effectively unreviewable on appeal from final judgment because the document review and production will be a *fait accompli* by the time of final judgment, and no appeal at that point can change the fact that the Defendants would have been forced to undertake the Plaintiff's document production work themselves.

In Merchants Bank v. Vescio, 222 B.R. 236 (D.Vt. 1998), it was held that an appeal would lie, pursuant to the collateral order doctrine, of a discovery issue involving confidentiality of documents where the issue was clearly important to parties and interested nonparties alike, the issue was entirely separate from the merits of the underlying claims, and the issue would not be effectively reviewable following final judgment. Id. at 239. In the instant case, as in Merchants Bank, the Defendants need prompt review pursuant to the collateral order doctrine in order to protect their important interests in a critical discovery issue.

### III. Even Applying the Standard of 28 U.S.C. § 1292(b), The District Court Should Hear an Appeal of the Denial of the Defendants' Motion to Compel.

The statutory subsection relating to appeals of interlocutory orders from district courts to courts of appeals, 28 U.S.C. § 1292(b), states in pertinent part that appeals of interlocutory orders are allowed when:

> ... such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . .

Even if the Court chooses to apply the 28 U.S.C. § 1292(b) standard by analogy, the Court should entertain an appeal of the Bankruptcy Court's denial of Defendants' Motion to Compel. Although the issue for appeal involves a discovery matter, in the circumstances of this Adversary Proceeding, the issue could determine the outcome of the case because of the major economic impact of the massive document review task implicated by the Bankruptcy Court's Order on the Motion to Compel. If the Defendants are forced to incur the enormous expense of paying the legal fees to their attorneys to work countless hours to review the Plaintiff's 658[2] boxes to search for responsive documents, the Defendants may very well deplete their financial resources to such an extent that their ability to further litigate this case in an effective manner would be jeopardized. Thus, the magnitude of this issue comprises a controlling question of law from the Defendants' perspective.

Similarly, an immediate appeal may materially advance the ultimate termination of the litigation by determining whether the Plaintiff or the Defendants should incur the expense of the Plaintiff's performance of his document production obligations. Due to the large volume of documents in this proceeding, such a determination likely would affect strategic decisions that

---

[2] Prior to the hearing, Defendants' counsel and defendant Philip M. Rees sampled and reviewed 40 boxes at the Chicopee warehouse, which the Defendants used as a basis for their Motion to Compel.

could result in resolution of the case. Plainly, the issue is one involving a substantial ground for difference of opinion, as demonstrated by the arguments set forth in the attached Motion to Compel and Opposition, and the absence of case authority relied upon by the Bankruptcy Court in rendering its decision. Therefore, alternatively, the Motion for Leave to Appeal should be granted pursuant to 28 U.S.C. § 1292(b).

## CONCLUSION

For the reasons set forth above, the Court should grant the Defendants leave to appeal the Bankruptcy Court's denial of their Motion to Compel.

> Respectfully submitted,
>
> THE DEFENDANTS,
> By their attorneys,
>
> *[signature]*
> Dennis J. Kelly, Esq. (BBO #266340)
> Paul R. Mastrocola, Esq. (BBO #630664)
> Victoria L. Schmidt, Esq. (BBO #650999)
> BURNS & LEVINSON LLP
> 125 Summer Street
> Boston, MA  02110
> (617) 345-3000

Dated: January 26, 2004

CERTIFICATE OF SERVICE

    I, Victoria L. Schmidt, Esq., attorney for the Defendants, do hereby certify that I have this 26th day of January, 2004, served a copy of the foregoing motion, via first class mail, postage prepaid, upon the following:

Paula M. Bagger, Esq.
Cooke, Clancy & Gruenthal, LLP
150 Federal Street
Boston, MA 02110

U.S. Trustee's Office
600 Main Street
Worcester, MA 01608

Carl D. Aframe, Esq.
Aframe & Barnhill
1 Exchange Place
Worcester, MA 01608

Victoria L. Schmidt