UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Western Division

In re NEWCARE HEALTH CORPORATION, et al.

Chapter 7
Case No. 99-44161
Jointly Administered

GARY M. WEINER, Chapter 7 Trustee of NewCare Health Corporation, et al.,

Plaintiff,

v.

CHRISTOPHER F. BROGDON, et al.,

Defendants.

Adversary Proceeding No. 01-4188

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO TAKE INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 158(a)(3)**

Plaintiff Gary M. Weiner, Chapter 7 Trustee for the bankruptcy estates of NewCare Health Corporation, et al. ("Trustee"), opposes defendants' motion to take an interlocutory appeal, pursuant to 28 U.S.C. § 158(a)(3), from the January 16, 2004 order of the United Bankruptcy Court for the District of Massachusetts, Western Division, denying their motion to compel production of documents.

Defendants' motion should be denied. Particularly on the inadequate record presented on this motion for leave to take an appeal,[1] defendants cannot demonstrate any legal error below. The parties' briefing below (appended to the defendants' current motion) reflects substantial

[1] Defendants have appended to their motion the written notice that issued from the Bankruptcy Court indicating that the motion was denied, but they have not offered a transcript of the extended oral argument or the Court's remarks from the bench when issuing his order. Immediately upon receipt of defendants' motion, the Trustee contacted Judge Boroff's court reporter and ordered a transcript of the hearing. The Trustee was surpised to learn that defendants had not even ordered a transcript.

3,28

agreement between the parties regarding the legal standard to be applied. Defendants in fact take issue with the Bankruptcy Court's fact-finding and the exercise of his discretion.

Defendants have presented no reason to doubt the Bankruptcy Court's legal analysis. Because neither interlocutory review of a discovery order nor review under the "collateral order" doctrine is available absent an "important" and controlling issue of unsettled law, defendants' motion for leave to take this appeal should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Chapter 7 Trustee is prosecuting this action (first brought by the Chapter 11 examiner) against former directors, officers, and insiders of NewCare Health Corporation ("NewCare") and its affiliates, as well as certain defendant companies owned and controlled by the individual defendants. These defendants are not strangers to NewCare, and the claims in the case reflect this: the Trustee challenges self-interested transactions between NewCare and certain of the individual and corporate defendants and breaches of the fiduciary duties of care and loyalty on the part of these NewCare insiders.

Prior to June 1999, NewCare, which owned, leased, and operated nursing homes and assisted living facilities in seven states, had its headquarters, and maintained its corporate records, in Atlanta, Georgia. In June 1999, NewCare entered into a management contract with Lenox Healthcare, Inc. ("Lenox"), of Pittsfield, Massachusetts, pursuant to which Lenox undertook the management of all of NewCare's facilities. Because Lenox had undertaken the management of NewCare, NewCare's documents were boxed up and sent to Massachusetts. NewCare's bankruptcy petition was filed while Lenox was managing NewCare, and when Lenox ceased managing NewCare, the documents that had been boxed and transported to Massachusetts remained in a large warehouse adjacent to Lenox's offices. There they were

accessed by counsel for William Brandt, Chapter 11 Examiner, and Gary M. Weiner, Chapter 7 Trustee, as necessary.

At the commencement of this action, Cooke Clancy conducted an initial review of the documents. Armed with an approximately 100-page document index (initially created by NewCare itself, then augmented by NewCare's agent Lenox and corrected by Cooke Clancy), Cooke Clancy identified relevant documents and removed approximately 20 boxes of documents to its Boston offices. In the spring of 2002, Gary M. Weiner, the newly appointed Chapter 7 Trustee, moved the NewCare documents from the warehouse adjacent to Lenox's offices to a professional storage facility in Chicopee, Massachusetts. Each box was reviewed as it was checked into the Chicopee facility, and the document index augmented and corrected. Approximately 50 additional boxes were removed to Boston, as potentially relevant. Significantly, after these activities, all of the NewCare documents remain in the same folders, files, notebooks, or redwells, with the same labels or other means or organization, as when they were shipped to Massachusetts by NewCare.[2]

In August 2003, defendants served *173 requests for production of documents* on the Trustee. The document requests are extremely burdensome. Much more than any decision or action by the Trustee, they seek to shift to the Trustee defendants' own trial preparation efforts. A significant number of the document requests ask the Trustee to search for and produce all documents that contradict the various factual allegations of the Complaint. The issues that

---

[2] In an example of how fact-based the argument before the Bankruptcy Court became, defendants placed great reliance on the fact that Chris Henderson, the individual who actually supervised the packing of the boxes was actually receiving a paycheck from Lenox HealthCare on the date he packed the boxes – although he had been the Chief Financial Officer of NewCare's nursing home subsidiary only weeks earlier. This is, of course, irrelevant because Lenox was managing NewCare under a comprehensive management contract. The actions of Lenox were the acts of NewCare; moreover, it cannot be said that Mr. Henderson was anything but the custodian of the documents he packed and shipped.

defendants seek to appeal aside, these document requests far exceed any obligations imposed upon the Trustee by Rule 7034.

On December 15, 2003, defendants filed a motion to compel production of documents. In their motion, defendants correctly identified the legal standard to be applied by the Bankruptcy Court and offered, with no evidentiary support, a number of factual assertions upon which they based an argument in favor of their motion. *See* Defendants' Motion, Ex. A. On December 23, 2003, the Trustee submitted his opposition, supported by the Affidavit of Paula M. Bagger[3] and excerpts from the depositions of Chris Henderson (the former Chief Financial Officer of NewCare Nursing Corporation and the individual responsible for sending the NewCare documents to Massachusetts) and Thomas Clarke (the former Chief Executive Officer of Lenox Healthcare, which operated NewCare under a management agreement during the period when the documents were moved from Atlanta to Massachusetts). *See* Defendants' Motion, Ex. B.

The afternoon before the January 16, 2003 hearing, defendants served an affidavit of defendant Philip Rees.[4] In his affidavit, Mr. Rees recounts his review of approximately forty of the boxes stored in Chicopee and discusses differences between the way in which he maintained these documents in Atlanta and the way they are boxed in Chicopee (for instance, some files are no longer alphabetized). The Rees affidavit establishes Mr. Rees' close familiarity with these documents, as their admitted former custodian. *See* Rees Aff. ¶¶ 4, 16, 23. This is not an

---

[3] The Bagger Affidavit, which defendants did not submit with their motion, is appended hereto as Exhibit 1.

[4] The Rees Affidavit, which defendants did not submit with their motion, is appended hereto as Exhibit 2.

insignificant point, as one factor relied upon by Judge Boroff in his decision was defendants' far greater familiarity with the NewCare documents in the Trustee's possession.

Finally, defendants suggest that the Trustee has done nothing more in document discovery than direct defendants to 758 boxes and say "go fish." In fact, as the Bankruptcy Court knew, the Trustee provided defendants with a document index, which is as accurate as the Trustee could make it; has identified, photocopied and produced to defendants approximately 12,000 pages of responsive documents not included in the boxes at issue; made available for review and photocopying the approximately 75 boxes that maintained at his counsel's offices in Boston; represented to defendants that he would notify them if he removed any other documents from the warehouse facility, and allow opportunity for review and copying;[5] produced photocopies of documents received in response to numerous third-party subpoenas; and produced documents received under cooperation agreements with settling defendants. The Trustee has completely fulfilled his discovery obligations.

## ARGUMENT

### I. DEFENDANTS ARE NOT ENTITLED TO INTERLOCUTORY REVIEW OF THE BANKRUPTCY COURT'S DENIAL OF THE MOTION TO COMPEL PRODUCTION OF DOCUMENTS.

#### A. In Exercising Its Discretion To Hear An Interlocutory Appeal Under Section 158(a)(3), The Reviewing Court Applies The Standards Found In 28 U.S.C. 1292(b).

Section 158(a)(3) of Title 28 bestows discretionary authority to hear appeals of interlocutory orders entered by judges of the United States Bankruptcy Court. In so doing, the

---

[5] The Trustee cannot use documents that remain stored in the Chicopee warehouse. Thus, with this undertaking from the Trustee, defendants do not face the risk of unfair surprise. The question is whether the Bankruptcy Court erred in ruling that defendants must themselves go look for cases that support their own claims and defenses.

District Courts and United States Bankruptcy Appellate Panels in this District have consistently applied the standards that govern the decision to certify an interlocutory appeal to the circuit courts under 28 U.S.C. § 1292(b). *See, e.g., In re Bank of New England Corp. (Fleet Data Processing Corp. v. Branch)*, 218 B.R. 643, 652 (1st Cir. U.S. Bankr. App. Panel 1998); *In re Handel (HSBC Bank USA v. Handel)*, 240 B.R. 798 (1st Cir. U.S. Bankr App. Panel 1999); *Monahan v. Massachusetts Department of Revenue*, 215 B.R. 287, 289 (D. Mass. 1997).[6] Thus, in exercising its discretion with respect to an application for interlocutory review, this Court considers the following factors:

> whether (1) the "order involves a controlling question of law" (2) "as to which there is a substantial ground for difference of opinion," and (3) whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

*In re Bank of New England*, 218 B.R. at 652 (quoting 28 U.S.C. § 1292 (b)). The burden is on the prospective appellant to establish these factors, and "that burden has been described as a heavy one," *In re Kalian*, 191 B.R. at 278. "[I]nterlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed immediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984).

---

6 Defendants ask this Court instead to follow one decision of the United States District Court for the District of Rhode Island, *In re Williams (Williams v. United States)*, 215 B.R. 289 (D.R.I. 1997), in which a United States District Judge indicated in a footnote that Section 158(a)(3) vests broader discretion in the reviewing court to permit an interlocutory appeal than does Section 1292(b).

Too much weight cannot be placed on this footnote however. First, it is by no means the unanimous expression of the position of that court. *Compare In re Kalian (Northeast Sav., F.A. v. Geremia)*, 191 B.R. 275, 279 (D.R.I. 1997). Moreover, even the Court in *Williams* stressed that it "cannot overstate the maxim that permissive appeal should be made available '"sparingly and only in exceptional circumstances."' 215 B.R. at 299 (quoting *Kalian*).

**B. Applying The Standard of Section 1292(b), Defendants Are Not Entitled To Interlocutory Review Of The Bankruptcy Court's Ruling On This Discovery Motion.**

These defendants must show (1) that the Bankruptcy Court's order involved a controlling question of law (2) as to which was a substantial ground for difference of opinion, and (3) that an immediate appeal would speed the ultimate termination of the litigation." They are not entitled to interlocutory review of the Bankruptcy Court's decision.

**1. The Appeal Defendants Wish to Take Does Not Involve a Controlling Issue of Law As To Which There is Substantial Ground for Difference of Opinion.**

As noted above, we have neither a written decision nor a transcript of the Court's remarks from the bench, but it is significant that in briefing the motion to compel production of documents, the parties agreed as to the applicable standard, as articulated in the controlling cases: a producing party may produce documents as they are kept in the ordinary course of business unless that party has utilized a record-keeping system calculated to conceal rather than disclose relevant information. *Compare* Defendants' Motion to Compel Production of Documents (Exhibit A to defendants' motion for leave to appeal), at 7, *with* the Trustee's Opposition to Defendants' Motion to Compel Production of Documents (Exhibit B to defendants' motion for leave to appeal), at 7.

Given this apparent lack of disagreement about the legal standard that the Bankruptcy Court was to apply, defendant has questions presented on appeal that depend heavily upon its own characterization of the Court's decision. The grounds for appeal asserted are ostensibly three legal issues: that the Bankruptcy Court committed errors of law (1) by ignoring precedent and there improperly shifting the burden of production; (2) by creating a judicial exception to

Fed. Bankr. P. 7034 in favor of the Chapter 7 Trustee; and (3) by misinterpreting the phrase "kept in the usual course of business," as used in Bankruptcy Rule 7034(b).

It is difficult even to discuss these appellate questions without a transcript, as the Trustee's recollection of the Bankruptcy Court's remarks differs markedly in some particulars from defendants'. But the following points must be made about the attempt by defendants to turn their disagreement with the Bankruptcy Court's *application* of the undisputed legal standard into an error law.

- Defendants suggest that the Bankruptcy Court erred as a matter of law when it failed to follow two cases out of the Seventh Circuit and one case from this District, *Kozlowski v. Sears Roebuck & Co.*, 73 F.R.D. 73 (D. Mass. 1976). The *Kozlowski* case, of the three cited, governs, and it was in fact the subject of extensive discussion at the hearing. *Kozlowski* is about as different on the facts as is possible[7] and, while following the legal standard set forth in that case, the Bankruptcy Court distinguished it on its facts.

---

[7] In *Kozlowski*, a personal injury plaintiff who had purchased flammable childrens' pajamas brought a product liability action against Sears and asked Sears to produce documents concerning other such complaints. Sears pointed plaintiff to a warehouse full of documents. This Court refused to

> shift the financial burden of discovery onto the discovering party, in this case an indigent plaintiff, where the costliness of the discovery procedure involved is entirely a product of the defendant's self-serving indexing scheme over which the plaintiff has no control

73 F.R.D. at 76.

The other two cases cited by defendants are just as inapposite. In *Board of Educ. of Evanston Township v. Admiral Heating,* 104 F.R.D. 23 (N. D. Ill. 1984), the court was influenced by the burden a massive document review would have on "a stranger" to the documents. As Judge Boroff explicitly recognized in his ruling, however, these defendants are much more familiar with the documents at issue, as well as the filing schemes used, than the Trustee. Remarkably, In *Stiller v. Arnold*, 167 F.R.D. 68, 71 (N.D. Ind. 1996), did not even involve production in the ordinary course of business. In that case, the producing party refused to allow review of originals and simply delivered thousands of pages of photocopies, with no organization at all, and the Court properly noted that this violated Rule 34(b).

- Defendants then suggest that the Bankruptcy Court created a "judicial exception" for Chapter 7 Trustees who are producing parties. In fact, the Bankruptcy Court did no such thing but rather explicitly considered the circumstances in which Mr. Weiner – a Chapter 7 Trustee – finds himself: the custodian of a large volume of documents that he did not generate, organize, file, or (until recently) maintain. The Bankruptcy Court's consideration of Mr. Weiner's status as a bankruptcy trustee was part of his fact-finding in his application of the legal standard. The parties agree that the purpose of the "ordinary course of business" requirement of Bankruptcy Rule 7034(b) is to "prevent discovery abuses such as the deliberate mixing of critical documents with others, in hopes of obscuring significance." Defendants' Motion to Compel at 7. It cannot possibly be an error of law, therefore, for the Bankruptcy Court to have given weight to consider how the Chapter 7 Trustee comes into possession of documents and his practices with the same.

- Finally, defendants claim that the Bankruptcy Court erred as a matter of law by interpreting the phrase "kept in the usual course of business" in Bankruptcy Rule 7034(b) to mean the Trustee's "usual course of business" rather than the "usual course of business" of whatever company first generated the documents. There is no way on this record to know how the Bankruptcy Court interpreted the phrase "usual course of business,"[8] and there was no reason for the Court to distinguish

[8] Even if defendants could establish that the Bankruptcy Court intended to specify that he was relying solely on the fact that the documents were produced in the usual course of the Trustee's business, this would not be a legal error. As discussed above, the parties agree that the rationale for Bankruptcy Rule 7034(b) is to police the conduct of the policing party by "prevent[ing] discovery abuses such as the deliberate mixing of critical documents with others, in hope of obscuring significance." Defendants' Motion to Compel, at 7. This rationale

between the two, as the Trustee presented evidence that he had produced the documents both as they had been packed and shipped from NewCare and as he himself has maintained them for the past 18 months. There was evidence before the Bankruptcy Court that the documents at issue (1) were maintained in the same files, folders, notebooks, with the same labeling that they had when they resided in Atlanta; and (2) were maintained in the same order, i.e., packed in the same way (although in some cases in replacement boxes) as when they were shipped from NewCare after Lenox Healthcare became NewCare's manager.

Finally, even if there were legal error here, there would be no substantial ground for difference of opinion. The parties agree on the legal standard reflected in Bankruptcy Rule 7034(b); their dispute is solely with its application under a particular, disputed set of facts. There is no substantial ground for difference of opinion as to the only question of law addressed by the Bankruptcy Court in its order denying the motion to compel production of documents.

**2. An Appeal Would Not and Could Not Advance the Ultimate Termination of this Litigation.**

Defendants' discussion of this final, important factor tips their hand. Section 1292(b) requires that the Court consider whether an appeal would advance the ultimate termination of the litigation, and defendants suggest that this appeal would hasten the termination of this litigation because an order that the Trustee must cull through 758 boxes of documents, matching them to 173 discrete document requests, might "affect strategic decisions that could result in resolution

---

looks to the conduct of the producing party and whether he has reorganized them to mide documents or gain a strategic advantage. Thus, the organization and activities of the producing party are what is important, not those of the prior custodians.

of the case." Defendant's Motion, at 9-10. In other words, defendants apparently believe that winning this discovery dispute will force a settlement favorable to defendants. This is hardly the strategic approach to interlocutory appeals that Section 1292(b) was intended to foster.

In any event, defendants are wrong that allowing this appeal would even hasten the termination of discovery disputes, much less the termination of this litigation. As noted above, the Trustee objected to a large percentage of defendants' 173 document requests on grounds such as over-breadth, burden, and relevance[9] but took the position that it was not going to withhold from production to defendants any non-privileged document so long as defendants were willing to go review the documents themselves. Should the Trustee be required to look through the documents in the Bay State Records Center to match documents with each of 173 document requests, the Trustees objections to particular document requests will once again become relevant, in all likelihood leading to a second motion to compel production of documents.

## II. APPLYING THE "COLLATERAL ORDER DOCTRINE," DEFENDANTS ARE NOT ENTITLED TO INTERLOCUTORY REVIEW OF THE DENIAL OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS.

An alternate route to review of a non-final order is the "collateral order" doctrine, which provides that a non-final order may be appealed if it involves "(1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one that is 'unfinished' or 'inconclusive'; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's

---

[9] In a number of their 173 requests, defendants asked the Trustee to produce all documents to supported or contradicted certain assertions in the pleadings. The Trustee objected on the grounds that asking his counsel to segregate documents that counsel considered supportive of or contrary to a laundry list of propositions improperly invaded the attorney work product protection. With these requests, not only are defendants asking the Trustee to do their work, they are asking the Trustee's counsel to do their thinking!

discretion.'" *Sears Roebuck & Co. v. LaMirande*, 199 B.R. 221, 222 (D. Mass. 1996)(quoting *In re Continental Inv. Corp.*, 637 F.2d 1, 4 (1st Cir. 1980)). For the many reasons discussed in connection with the application for interlocutory review, this is not a viable route to review either, as the case does not satisfy the fourth requirement. There is no important and unsettled question of controlling law, and, in this Circuit, this is a requirement for the application of the collateral order doctrine to an order such as the Bankruptcy Court's.[10]

> The remaining, and most daunting, question is whether this case presents a distinct and important legal issue. Although not all circuits employ such a test, it enjoys considerable support. Ordinarily, a discovery order will meet the legal importance test only if it presents a claim of clear-cut legal error and not merely a challenge to the [initial court's] factual determinations or the application of a settled legal rule to the particular facts. . . .
>
> Admittedly, this collateral order test does create a possibility that disclosure of documents may be ordered based on a mistake of fact or a misapplication of settled law, and the error may escape review. But litigation is full of such instances . . . . The finality rule reflects a compromise among competing interests. . . . [W]e have set forth the collateral order doctrine in this circuit as it applies to discovery orders, and must respect our own precedents.

*United States v. Billmyer*, 57 F.3d 31, 35 (1st Cir 1995). Accord *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)(issue of appealability of a collateral order "is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded or a "particular injust[ice]" averted).

---

10 The one case cited by defendants in which review was allowed of a discovery order, *Merchants Bank v. Vescio*, 222 B.R. 236 (D. Vt. 1998), did not apply any requirement that the there be an important issue of law. As discussed above, this is a requirement for a an exception to the finality rule in this Circuit.

## CONCLUSION

For all of the foregoing reasons, the Trustee requests that these defendants' motion for leave to take an interlocutory appeal be denied.

GARY M. WEINER, Chapter 7 Trustee of the Bankruptcy Estates of NewCare Health Corporation, et al al.

Marjorie Sommer Cooke (BBO No. 097800)
Paula M. Bagger (BBO No. 547703)
Edward S. Cheng (BBO No. 634063)
COOKE, CLANCY & GRUENTHAL, LLP
150 Federal Street
Boston, MA 02110
(617) 428-6800

Dated: February 4, 2004

**CERTIFICATE OF SERVICE**

I, Paula M. Bagger, hereby certify that I have this 4th day of February, 2004, served a true copy of the foregoing upon the counsel listed below by first-class mail, postage prepaid.

Office of the United States Trustee
600 Main Street
Worcester, MA 01608

Dennis J. Kelly, Esq.
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110

Gary M. Weiner, Esq.
Weiner & Peskin, P.C.
95 State Street
Suite 118
Springfield, MA 01103

FILED
IN CLERKS OFFICE
2004 FEB -5 A 10: 41
U.S. BANKRUPTCY C
DISTRICT OF MASS

Paula M. Bagger